UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARTIN STANLEY IVIE,<br><br>                Petitioner,<br><br>    v.<br><br>RON HAYNES,<br><br>                Respondent. | CASE NO. 3:20-CV-5027-RJB-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: October 23, 2020 |

The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Petitioner Martin Stanley Ivie filed a Motion for Entry of Default Judgment and a request for injunctive relief.[1] Dkt. 21, 25. The Court has considered Petitioner's Motions and recommends the Motions be denied.

**I.    Background**

Petitioner initiated this habeas action on January 13, 2020. Dkt. 1. On February 20, 2020, the Court directed Respondent to answer the Petition. Dkt. 5. Respondent filed an Answer to the Petition on April 6, 2020. Dkt. 11, 12. Respondent also filed a Supplemental Answer on August 7, 2020. Dkt. 23, 24. On August 27, 2020, Petitioner filed the Motion for Default. Dkt. 25.

---

[1] Petitioner's request for injunctive relief is referenced in his Reply to Respondent's Response to Petitioner's Motion for Issue of Subpoena Duces Tecum. Dkt. 21, p. 1.

REPORT AND RECOMMENDATION - 1

## II. Default Judgment

Petitioner requests default judgment be entered against Respondent. *See* Dkt. 25. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, Respondent filed a timely Answer to the Petition. *See* Dkt. 5 (answer due forty-five days after service), 11, 12. Furthermore, Respondent filed the Answer more than four months before Petitioner file the Motion for Default. *See* Dkt. 11, 25. It appears Petitioner is simply dissatisfied Respondent's Answer to the Petition. This does not warrant an entry of default or default judgment. Accordingly, the Court recommends Petitioner's Motion for Default (Dkt. 25) be denied.

## III. Injunctive Relief

In his Reply to Respondent's Response to Petitioner's Motion for Issue of Subpoena Duces Tecum, Petitioner states he is requesting injunctive relief. Dkt. 21. It is unclear what type of injunctive relief Petitioner is seeking. *Id*. It again appears Petitioner is simply expressing his dissatisfaction over how his case is being addressed by the State of Washington and the Washington State Attorney General's Office. *Id*. Petitioner is effectively requesting the Court grant his Petition.

Pursuant to 28 U.S.C. § 2254(d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." "When the process of direct review ... comes to an end, a presumption of finality and legality attaches to the conviction and sentence. The role of federal habeas proceedings, while important in assuring that

constitutional rights are observed, is secondary and limited. Federal courts are not forums in which to relitigate state trials." *Swan v. Peterson*, 6 F.3d 1373, 1378 (9th Cir. 1993) (quoting *Brecht v. Abrahamson,* 507 U.S. 619, 633 (1993); *Barefoot v. Estelle,* 463 U.S. 880, 887 (1983)).

Here, Respondent has filed an answer and relevant state court records. However, the Court finds additional records are necessary to decide this case. As such, the Court has not had an opportunity to properly consider the Petition or the relief requested in the Petition. Therefore, the Petition is not ready for the Court's consideration and the Court finds any motion requesting the relief sought in the Petition is premature. Accordingly, the Court recommends Petitioner's request for injunctive relief (Dkt. 21) which is related to his state court conviction and the State's response to his state court case and petition be denied.

### IV. Conclusion

For the above stated reasons, the Court recommends Petitioner's Motion for Default (Dkt. 25) and his request for injunctive relief (Dkt. 21) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on October 23, 2020, as noted in the caption.

Dated this 2nd day of October, 2020.

David W. Christel
United States Magistrate Judge